UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

IFEANYI NWANI,                          :
                                        :
                Petitioner,             :
                                        :
        v.                              :        No. 2:17-cv-03679
                                        :
COMMONWEALTH OF PENNSYLVANIA;           :
DELAWARE COUNTY ADULT PAROLE AND        :
PROBATION SERVICE;                      :
DELAWARE COUNTY PUBLIC DEFENDERS        :
OFFICE;                                 :
DELAWARE COUNTY PRISON;                 :
DISTRICT ATTORNEY OF DELAWARE           :
COUNTY,                                 :
                                        :
                Respondents.            :
_____

**O P I N I O N**

**Petitioner's Motion for Appointment of Counsel, ECF No. 10 – Denied**
**Report and Recommendation, ECF No. 16 – Adopted**
**Petitioner's Motion for Preliminary Injunction, ECF No. 19 – Denied**

**Joseph F. Leeson, Jr.**                              **March 15, 2018**
**United States District Judge**

I.      **Introduction**

        Ifeanyi Nwani filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging his March 2015 conviction in the Delaware County Court of Common Pleas of

charges of unlawful restraint and harassment. *See* Revised Petition, ECF No. 4. Magistrate Judge

Marilyn Heffley issued a Report and Recommendation ("R&R") recommending that the habeas

corpus petition be dismissed as untimely. ECF No. 16. Nwani timely filed objections to the

R&R. ECF No. 20. After de novo review and for the reasons set forth below, the R&R is adopted

and the habeas corpus petition is dismissed as untimely.

## II. Factual and Procedural History

The Court adopts the factual and procedural history as summarized by Magistrate Judge Heffley in the R&R. In his Objections, as discussed in more detail below, Nwani takes issue with the Magistrate Judge's factual findings but does not explain the basis for this objection. *See* Pet'r's Objs. 2-17. After independent review, the Court concludes that Magistrate Judge Heffley accurately summarized the facts and procedural history of this case.

## III. Standard of Review

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## IV. Analysis

Nwani presents six objections to the R&R, *see* Pet'r's Objs. 2-3, which the Court considers in turn.

## A. The Court adopts the R&R's Factual and Procedural History.

The first section of Nwani's Objections is titled "The Petitioner object[s] to certain factual findings and omissions in the R&R." Pet'r's Objs. 3. As mentioned above, however,

Nwani fails to specifically identify any factual findings or omissions to which he objects. Rather, he provides a lengthy discussion of certain issues previously raised in his Petition and in his reply brief. At the conclusion of this discussion, he states that "[t]he factual and procedural history necessary taken from the [R&R] are incorrect. Also the magistrate judge's R&R, apparently, did not address[] any of Petitioner's denial of a constitutional right in his habeas corpus petition." Pet'r's Objs. 17.

The Court interprets Nwani's statement that the Magistrate Judge "did not address[] any of Petitioner's denial of a constitutional right" to mean that the Magistrate Judge did not address the merits of all of the claims asserted in Nwani's Petition and reply brief. But, as indicated above, the Magistrate Judge concluded that Nwani's Petition is untimely. A court need not address the merits of an untimely petition. *See Sistrunk v. Rozum*, 674 F.3d 181, 187 n.3 (3d Cir. 2012). Accordingly, Nwani's objection is overruled.

**B.      Respondents are not required to refile their Answer.**

Nwani's second objection concerns the Magistrate Judge's determination that the Answer filed by Respondents in this case did not comport with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. R&R 6 n.6.[1] Despite this failure on Respondents' part, the Magistrate Judge concluded that "[b]ecause the habeas petition should be denied as time-barred, this Court will not now require Respondents to file a brief that meets the applicable requirements." *Id.* at 7 n.6. Nwani does not explain why he objects to the Magistrate Judge's decision in this respect. Rather, he merely states that "the magistrate judge's

---

[1]      Rule 5(b) requires that an answer "must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." As the Magistrate Judge noted, Respondents' Answer fails to respond to the arguments raised in the Petition and lacks legal analysis.

order is clearly erroneous or contrary to law." Pet'r's Objs. 19. But, as the Magistrate Judge

indicated, because Nwani's Petition is untimely, requiring Respondents to file an appropriate

Answer at this point would not serve any purpose. Accordingly, Nwani's objection is overruled.

**C.      Nwani is not entitled to equitable tolling.**

Nwani's third objection concerns the Magistrate Judge's conclusion that Nwani's Petition

is untimely. As the Magistrate Judge observed, under the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Congress enacted a one-year limitations period for federal

habeas corpus petitions, which ordinarily begins to run on the date the judgment became final in

the state courts. *See* 28 U.S.C. § 2244(d)(1). This one-year limitation period is subject, however,

to both statutory tolling[2] and equitable tolling[3] in appropriate circumstances. Applying these

principles, the Magistrate Judge determined that Nwani's Petition is untimely based on the

following timeline:

> The Pennsylvania Superior Court denied Nwani's direct appeal on December 21,
> 2015. Nwani did not seek further review with the Pennsylvania Supreme Court
> within the 30 days allotted under Pa. R. App. P. 1113(a). Accordingly, his
> judgment of sentence became final 30 days later, on January 21, 2016. Ninety
> days of the AEDPA's one-year filing period ran before Nwani filed his PCRA
> petition in state court on April 19, 2016. Because Nwani's petition was timely
> filed . . . it served to toll the running of the AEDPA filing deadline until a ruling

---

[2]      Under 28 U.S.C.§ 2244(d)(2), "[t]he time during which a properly filed application for
State post-conviction or other collateral review with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of limitation under this subsection."

[3]      *See Holland v. Fla.*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to
equitable tolling in appropriate cases."). In *Holland*, the Supreme Court held that equitable
tolling is proper only where the petitioner "shows '(1) that he has been pursuing his rights
diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely
filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court of
Appeals for the Third Circuit has "enumerated three circumstances permitting equitable tolling,"
namely, "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some
extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely
asserted his rights mistakenly in the wrong forum." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.
2001) (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

on the petition became final. The PCRA[4] court denied the petition on August 2, 2016. Nwani failed to file an appeal of that decision within the 30 days allotted under Pa. R. App. P. 903(a). Therefore, the denial of his PCRA petition became final on September 1, 2016, 30 days after it was issued. Because 90 days of Nwani's one-year AEDPA deadline had expired before the deadline was tolled, as of September 1, 2016, he had 275 days remaining in which to file a habeas petition. That deadline expired on June 5, 2017. Nwani did not file his initial petition in this Court until August 13, 2017.

R&R 9-10 (citations and footnotes omitted). As indicated in the above-quoted passage, the Magistrate Judge determined that Nwani was entitled to a period of statutory tolling between April 19, 2016, and September 1, 2016, during the pendency of his PCRA petition. With respect to equitable tolling, the Magistrate Judge noted that Nwani did not "assert that he is eligible for equitable tolling, and his petition reveals no basis on which he could do so." R&R 9 n.8.

In his Objections, Nwani contends that he is entitled to equitable tolling on several grounds. First, he contends that the conditions at the George W. Hill Correctional Facility, where Nwani was confined, "were such that he was denied access to the court" in several ways. Pet'r's Objs. 17. Specifically, he contends that the law library staff failed to provide him with a form with which to file his habeas corpus petition and that he ultimately had to write to the Clerk of this Court to obtain the form.[5] Nwani also states that the prison failed to provide him with a paralegal, reference assistance, and access to the law library. Second, Nwani contends that he is entitled to equitable tolling because "Respondents . . . actively misled petitioner that his PCRA petition was dismissed August 18, 2016." Pet'r's Objs. 19.[6] Third, Nwani contends that "Respondent, parole agent, Carrissa Tillotson prevented [Nwani] from asserting his rights to access the Court when she recommitted [him] back to jail by act of falsifying that [he] violated

---

[4]     Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-9546.
[5]     In support of this claim, Nwani has attached to his Objections a notice from the Clerk's office dated July 28, 2017, stating that the office had enclosed the forms Nwani requested. Pet'r's Objs. Ex. B.
[6]     Nwani also discusses this issue on pages 11 and 12 of his Objections.

[the] terms of his probation." *Id.* And finally, Nwani contends that he "has timely asserted his rights, but has mistakenly done so in different wrong forums" as a result of his counsel's failure to provide effective assistance. *Id.* In support of this latter claim, Nwani refers to a two-page document titled "Motion for Intervention," dated April 6, 2016, and addressed to the U.S. District Court in Philadelphia, in which Nwani states that he is "writ[]ing a motion for intervention due [to] ineffective assistance of counsel which did not render me a fair trial." *See* Pet'r's Objs. Ex. D.

The Court has reviewed Nwani's claims de novo and concludes that he is not entitled to equitable tolling. First, Nwani's claim that prison officials denied him access to the law library does not establish "extraordinary circumstances" for equitable tolling purposes because Nwani does not set forth the length of time that he was denied access to the library or explain how his lack of access prevented him from timely filing a petition. *See United States v. Bronson*, No. CIV. 08-1502, 2009 WL 1813177, at *6 (W.D. Pa. June 25, 2009) ("It is not enough that a petitioner be denied access to critical legal information or materials for a discrete period of time within the statute of limitations period; a petitioner must demonstrate some extraordinary circumstances caused his inability to file a timely petition."). With respect to Nwani's claim that prison officials refused to provide him with a habeas corpus form, he acknowledges that he was able to obtain a form after writing to the Clerk of Court. Accordingly, even if prison officials failed to provide him with a form, this does not constitute an "extraordinary circumstance" that prevented him from timely filing a petition.

Second, the Court is unable to make sense of Nwani's claim that Respondents actively misled him that his PCRA petition was dismissed on August 18, 2016. The order denying Nwani's PCRA petition is clearly dated August 1, 2016, and the state court docket shows that the

order was entered on August 2, 2016.[7] Even if the PCRA petition had been dismissed on August 18, however, that would add only sixteen or seventeen days to Nwani's statutory tolling period, and his habeas corpus Petition would still be untimely.

The Court is also unable to make sense of Nwani's claim that parole agent Carrissa Tillotson prevented him from asserting his rights to access the Court when she "recommitted [him] back to jail by act of falsifying that [he] violated [the] terms of his probation." Even if it were true that Nwani was recommitted to jail under false pretenses, he fails to indicate how this was an extraordinary circumstance that prevented him from filing a timely petition.[8]

Finally, Nwani's contention that he timely asserted his rights mistakenly in the wrong forum is also unavailing. Cases interpreting claims that a petitioner mistakenly asserted his rights in the wrong forum "usually refer to a peremptory filing in federal court prior to exhaustion of state-law claims." *See Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006). Here, as mentioned above, the document Nwani cites in support of this claim is dated April 6, 2016, addressed to the federal district court, and states that Nwani is "writ[]ing a motion for intervention due [to] ineffective assistance of counsel which did not render me a fair trial." As of April 6, 2016, Nwani had not yet filed a PCRA petition in state court. But a few weeks later, on April 19, 2016, he did in fact file a timely PCRA petition in state court, which was ultimately

---

[7] As the Magistrate Judge explained, she used the August 2 date (as opposed to the August 1 date) for the purposes of calculating the period during which Nwani's one-year AEDPA period was tolled.

[8] As the Magistrate Judge noted, "[w]hile Nwani's initial habeas petition in this case reflects that he was in prison at the time he filed it . . . the record does not identify precisely on what sentence or charges he was being held at that time." R&R 7 n.7. But "[i]t is apparent . . . that Nwani's sentence on the 2015 conviction was not completed and that he was either confined in prison or out on probation subject to the sentence for the 2015 conviction at the time he filed the petition." *Id.*; *see Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) ("[B]eing on probation meets the 'in custody' requirement for purposes of the habeas statute.").

dismissed on August 2, 2016. It appears, therefore, that the April 6 document may have been a

mistaken attempt on Nwani's part to assert his PCRA claims in federal court, a mistake that

Nwani corrected when he timely filed his PCRA petition in state court on April 19.[9] Nwani has

not shown, however, that he mistakenly intended to assert his habeas corpus rights by means of

the April 6 document.[10]

In sum, Nwani has failed to show that he was entitled to equitable tolling, and his

objection on this issue is overruled.

**D.     Nwani did not seek further review with the Pennsylvania courts following the denial
of his direct appeal and PCRA petition.**

Nwani's fourth objection appears to concern the Magistrate Judge's conclusion that: (1)

after the Pennsylvania Superior Court denied Nwani's direct appeal on December 21, 2015,

Nwani did not timely seek further review with the Pennsylvania Supreme Court within thirty

days; and (2) after the PCRA court denied Nwani's PCRA petition on August 2, 2016, he failed

to timely file an appeal of that decision within thirty days. Although the basis of Nwani's

objection is not clear, he refers to a petition for allowance of appeal *nunc pro tunc* that he filed in

---

[9]     Even if the Court were to equitably toll the thirteen-day period between Nwani's April 6
document and his April 19 PCRA petition, Nwani's habeas corpus petition would still be
untimely.

[10]     Nor can Nwani's April 6 document be construed as a "protective petition" asking the
federal court to stay and abey the federal habeas proceedings until his state remedies were
exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (observing that a prisoner
reasonably confused about whether a state filing would be timely might have "good cause" to
file "a 'protective' petition in federal court . . . asking the federal court to stay and abey the
federal habeas proceedings until state remedies are exhausted"). First, there is no indication that
the April 6 document was intended to be a protection petition, nor does the document include
any request for the federal court to stay Nwani's habeas proceedings. Second, there is no reason
to believe that Nwani would have had "good cause" to file a protective petition on April 6, 2016,
due to reasonable confusion about the timeliness of his state court filings or any other reason. As
of that date, only about seventy-seven days had run on Nwnai's one-year period to file a timely
PCRA or habeas petition.

the Pennsylvania Supreme Court, which was denied on March 20, 2017. As the Magistrate Judge

explained, however, "Nwani's filing of nunc pro tunc petitions in the Pennsylvania Superior and

Supreme Courts does not affect the calculation of his AEDPA filing deadline," because these

*nunc pro tunc* petitions were not "properly filed" under Pennsylvania law. R&R 10 n.11. *See*

*Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004) ("[The petitioner's] nunc pro tunc petition

was not properly filed, and thus did not toll the clock."). Accordingly, Nwani's objection is

overruled.

**E.      Nwani's Motion for Appointment of Counsel is denied.**

After filing his Petition, Nwani filed a Motion for Appointment of Counsel. ECF No. 10.

The Magistrate Judge addressed this motion at the conclusion of the R&R, recommending that

the motion should be denied because "[g]iven the lack of merit in any of Nwani's arguments,

appointment of counsel would not benefit either Nwani or this Court." R&R 10 n.12. Because

this Court adopts the Magistrate Judge's conclusion that Nwani's Petition is untimely, the Court

likewise agrees that appointing counsel would not benefit Nwani or the Court, and this objection

is overruled.

**F.      There is no basis to issue a certificate of appealability.**

When a district court denies a habeas corpus petition on procedural grounds without

reaching the underlying constitutional claims, a certificate of appealability should issue only if

(1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable

jurists would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurists would not find it

debatable that Nwani's Petition was untimely. The Court therefore adopts the Magistrate Judge's

recommendation that the Court should not issue a certificate of appealability.

## V.     Conclusion

After de novo review, this Court determines that Magistrate Judge Heffley correctly concluded that the instant petition for writ of habeas corpus is untimely. This Court therefore adopts the findings and conclusions in the Report and Recommendation and follows the recommendation to deny the habeas petition as untimely and to deny Nwani's Motion for Appointment of Counsel. There is no basis to issue a certificate of appealability. A separate order follows.[11]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[11]     After Magistrate Judge Heffley issued the R&R, Nwani filed a motion for a preliminary injunction and temporary restraining order. ECF No. 19. Because Nwani's Petition for habeas corpus relief is denied, his motion for preliminary injunction and temporary restraining order is denied as moot.